Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| MIGUEL LÓPEZ BERRIOS <br><br> Peticionario <br><br> v. <br><br> MUNICIPIO DE TOA BAJA <br><br> Recurrida | KLCE202401005 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso núm.: BY2021CV04265 <br><br> Sobre: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece ante *nos*, Miguel López Berrios (López Berrios o peticionario) y nos solicita que revisemos una *Resolución* emitida el 19 de agosto de 2024 y notificada el 20 de agosto de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración* que presentó la parte peticionaria el 26 de julio de 2024.

Por los fundamentos que exponemos a continuación, se *expide* el auto de *certiorari* y, en consecuencia, se *revoca* la *Resolución* recurrida.

**I.**

Este recurso tiene su origen en una *Demanda* sobre daños y perjuicios, que presentó López Berrios el 20 de octubre de 2021, en contra del Departamento de Transportación y Obras Públicas (DTOP), el Municipio de Toa Baja, el Municipio de Bayamón, la Autoridad de Acueductos y Alcantarillados (AAA), la Autoridad de

Energía Eléctrica (AEE), la Autoridad de Carreteras y Transportación (ACT), Mapfre Praico Insurance Company (Mapfre), Estado Libre Asociado de Puerto Rico (ELA) y otros (en conjunto, los recurridos). En ajustada síntesis, el peticionario alegó que sufrió un accidente en la Carretera #1 frente al Restaurante Martin's BBQ jurisdicción de Toa Baja. Sostuvo que mientras se encontraba caminando por el mencionado lugar, pisó una tapa de acero, resbaló y cayó en un hueco, ya que la tapa estaba mal puesta. Así, señaló que, como consecuencia, sostuvo múltiples lesiones en la espalda, el hombro, brazo izquierdo y tendones del brazo roto. Consecuentemente, solicitó una indemnización de $150,000.00 por los daños físicos sufridos, $35,000.00 por los sufrimientos y angustias mentales y $5,000.00 por los gastos médicos incurridos.

El 4 de marzo de 2022, el ELA presentó una *Contestación a Demanda*. Luego de varios incidentes procesales, incluyendo la paralización de los procedimientos, el 17 de marzo de 2023, la parte apelante presentó una *Moción Solicitando Reapertura y Continuación de los Procedimientos y Solicitud de Demanda Enmendada*. Oportunamente, el 31 de marzo de 2023, el foro primario emitió una *Resolución* mediante la cual declaró *Ha Lugar* la solicitud de la parte peticionaria y dejó sin efecto la paralización de los procedimientos.

Ulteriormente, el 4 de abril de 2023, el TPI emitió una *Orden* sobre Conferencia Inicial, Videoconferencia y Manejo de Litigio. Posteriormente, el 28 de abril de 2023, el ELA presentó una *Contestación a Demanda Enmendada*. Así las cosas, el 1 de mayo de 2023, la parte peticionaria envió al ELA un *Primer Interrogatorio y Requerimiento de Documentos*. Entretanto, el 14 de junio de 2023, las partes presentaron el *Informe Para el Manejo del Caso*.

Acaecidos varios trámites procesales, el 30 de enero de 2024, las partes presentaron el *Informe de Conferencia con Antelación al*

*Juicio*. Consecuentemente, el 6 de febrero de 2024, se llevó a cabo la Conferencia con Antelación a Juicio.

El 23 de junio de 2024, la parte peticionaria presentó una *Moción Urgente Solicitando Se Nos Permita Enmendar la Demanda*. En esta, esbozó que había advenido en conocimiento que para la fecha de los hechos que dan lugar a la causa de acción, existía una póliza de seguros a favor del DTOP que nunca fue informada. Luego, el 26 de julio de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de la parte peticionaria para enmendar la demanda. Específicamente, el foro primario dispuso que "[l]a solicitud para enmendar la demanda fue presentada de manera sumamente tardía, incluso, luego de celebrada la conferencia con antelación al juicio".

En vista de ello, el 16 de agosto de 2024, la parte peticionaria presentó una *Moción de Reconsideración*. El 19 de agosto de 2024, notificada el 20 de agosto de 2024, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Inconforme, el 18 de septiembre de 2024, la parte peticionaria acudió ante *nos* mediante un *Recurso [de] Certiorari* y alegó la comisión del siguiente error:

> **ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN URGENTE SOLICITANDO SE NOS PERMITA ENMENDAR LA DEMANDA PARA AÑADIR A SU ASEGURADORA, AMPAR[Á]NDOSE EN QUE LA MISMA ERA TARD[Í]A, CUANDO LA PARTE DEMANDANTE FUE DILIGENTE DURANTE EL DESCUBRIMIENTO DE PRUEBA, Y DICHA INFORMACI[Ó]N NO FUE PROVISTA.**

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 25 de septiembre de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 30 de septiembre de 2024, la parte peticionaria presentó una *Solicitud de Orden Urgente en Auxilio de*

*Jurisdicción y Paralización de los Procedimientos [...].* Así, el 1 de octubre de 2024, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción.

El 11 de octubre de 2024, el ELA a través de la Oficina del Procurador General presentó una *Comparecencia Especial.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del

*certiorari*. Véase, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478 (2019).

En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Inconforme con lo resuelto por el foro primario, el peticionario presentó el recurso de *certiorari* de epígrafe. En dicho recurso, señaló que erró el Honorable Tribunal de Instancia al declarar *No Ha Lugar* la *Moción Urgente Solicitando Se Nos Permita Enmendar la Demanda* para añadir a su aseguradora, amparándose en que la

misma era tardía, cuando fue diligente durante el descubrimiento de prueba, y dicha información no fue provista, sino que advino en conocimiento el 23 de junio de 2024, a través del descubrimiento de prueba del caso *Germán Sánchez Peña v. Estado Libre Asociado de Puerto Rico, et al.*, SJ2021CV07384.

Consecuentemente, la parte la parte recurrida presentó una *Comparecencia Especial*. En ajustada síntesis, esgrimió que no se ha opuesto a la solicitud de enmienda a las alegaciones de la *Demanda* que presentó la parte peticionaria, para incluir a Universal Insurance Company como aseguradora del Estado. Así las cosas, informó que, a pesar de que los procedimientos del caso se encuentran en una etapa avanzada, están de acuerdo en que se permita la enmienda a las alegaciones para incluir a la compañía aseguradora.

Así, al evaluar los hechos procesales reseñados por la parte peticionaria en su recurso de *certiorari*, estos avalan su reclamo de que se permita la enmienda a las alegaciones de la *Demanda* para añadir a la aseguradora de la parte recurrida. Esto, pues la parte peticionaria fue diligente durante el descubrimiento de prueba y dicha información no fue provista por la recurrida. Asimismo, la parte recurrida en su comparecencia ante este Tribunal se allanó a la solicitud de López Berrios, para que se permita la enmienda a las alegaciones de la *Demanda* a pesar de la etapa procesal en la que se encuentran los procedimientos del caso.

Así pues, indiscutiblemente, incidió el TPI al declarar *No Ha Lugar* la *Moción Urgente Solicitando Se Nos Permita Enmendar la Demanda* que presentó la parte peticionaria.

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y, en consecuencia, *revocamos* el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones